## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | |
| ) Docket no. 2:16-cr-00063-GZS | |
| OBRIAN BARRINGTON BARRETT, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## PROCEDURAL ORDER ON PRO SE MOTION FOR COMPASSIONATE RELEASE

The Court hereby RESERVES RULING on the Defendant's pro se Motion for Compassionate Release (ECF No. 269) pending a response from the Government as explained herein. Upon initial review, the Court finds no assertion that the Defendant has exhausted his administrative remedies for compassionate release, nor is there any suggestion that he has filed any request with BOP prior to mailing the pending request to the Court. Within the District of Maine, the exhaustion requirement of 18 U.S.C. § 3582(c)(1) has been deemed a non-jurisdictional claim-processing rule. See, e.g., United States v. Cain, No. 1:16-CR-00103-JAW, 2020 WL 6929508, at *10 (D. Me. Nov. 24, 2020); United States v. Hassan, No. 2:16-CR-00084-JDL, 2020 WL 6163125, at *2 (D. Me. Oct. 21, 2020). Thus, exhaustion remains a mandatory requirement unless the Government waives or concedes it. See, e.g., Cain, 2020 WL 6929508, at *10; Hassan, 2020 WL 6163125, at *2.

Within fourteen days of today, the Government shall file a response to the pending Motion, which need only indicate its position on exhaustion. If the Government indicates that it concedes or forfeits any objection on exhaustion, the Court will proceed to a review on the merits. However, if the Government presses an objection to exhaustion, the Court will deny the pending Motion without prejudice to Defendant filing a renewed motion once he can assert that he has filed a request for compassionate release with BOP and, either had his request denied, or received no response within thirty days of filing.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 22nd day of December, 2020.