UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:16-cr-00063-GZS |
| O'BRIAN BARRINGTON BARRETT, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)**

Before the Court is Defendant's Renewed Motion for Compassionate Release (ECF No. 275). Having reviewed this Motion, along with all of the other related filings (ECF Nos. 277, 280 & 281) and the entire docket, the Court DENIES Defendant's Motion.

**I.   LEGAL STANDARD**

A defendant seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) must prove that he has exhausted available administrative remedies and that there are "extraordinary and compelling" reasons that presently warrant a reduction in his sentence. See 18 U.S.C. § 3582(c)(1)(A)(i). In considering what qualifies as extraordinary and compelling, this Court has generally looked to U.S.S.G. § 1B1.13 & Application Note 1.[1] Beyond those Guideline definitions of extraordinary and compelling reasons, the Court acknowledges that at least seven circuits have now held that U.S.S.G. § 1B1.13 should not be viewed as limiting the reasons that the Court might

---

[1] See, e.g., United States v. Estrella, No. 2:15-cr-00032-GZS, 2019 WL 6689897 (D. Me. Dec. 6, 2019) (denying motion for compassionate release). The Court notes that based on a renewed, pandemic-related motion for compassionate release, Estrella was granted compassionate release. See United States v. Estrella, No. 2:15-cr-00032-GZS (D. Me. June 16, 2020).

consider extraordinary and compelling when a defendant brings a motion under 18 U.S.C. § 3582(c)(1)(A). See United States v. McCoy, 981 F.3d 271, 281 (4th Cir. 2020); United States v. Jones, 980 F.3d 1098, 1110 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020); United States v. Aruda, --- F.3d ---, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021) (per curiam); United States v. Shkambi, --- F.3d ---, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021); United States v. McGee, --- F.3d ---, 2021 WL 1168980, at *12 (10th Cir. March 29, 2021). It is not clear whether the First Circuit will adopt this approach, although it has affirmed a compassionate release denial from the District of Maine while noting with apparent approval that "the district court did consider other relevant circumstances not specifically enumerated in the guidelines en route to denying relief." United States v. Fox, No. 19-1785 (1st Cir. July 23, 2020), *aff'g* No. 2:14-cr-00003-DBH, 2019 WL 3046086 (D. Me. July 11, 2019). Given this backdrop, the Court reviews the entire record to consider whether a defendant presents any extraordinary and compelling reasons for a sentence reduction.

If the Court finds a defendant has established extraordinary and compelling reasons to reduce his sentence, the Court must next consider any applicable factors found in 18 U.S.C. § 3553(a). See, e.g., United States v. Almeida, No. 2:11-cr-00127-DBH, 2021 WL 22332, at *2 (D. Me. Jan. 4, 2021) (denying compassionate release based on § 3553(a) factors after finding that defendant's medical conditions qualified as extraordinary and compelling in light of the coronavirus pandemic). Critically, in exercising its discretion to grant any sentence reduction, the Court also considers "the need . . . to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C); ); see also U.S.S.G. § 1B1.13(2) (requiring a court determination that "the defendant is not a danger to the safety of any other person or to the community").

## II. DISCUSSION

Defendant O'Brian Barrington Barrett, now age 34, has served approximately 75 percent of his 72-month sentence. He has a current estimated release date of February 8, 2022.[2] He is currently categorized as a Physical Care Level 1/Mental Health Care Level 1 by BOP. Barrett is serving his sentence at Berlin FCI, which has most recently reported 107 inmates and 5 staff as positive for COVID-19.[3] There have been no reported inmate deaths due to COVID-19 at this facility. 71 inmates and 11 staff members are listed as recovered from COVID-19 infections. To date, Berlin FCI has fully vaccinated 104 staff members and 92 inmates.

Barrett states that he has asthma and has been provided "multiple respiratory inhalers" by BOP.[4] (Def. Mot. (ECF No. 275), PageID # 1367.) He also asserts that he is overweight.[5] (Def. Response (ECF No. 280), PageID # 1422.) Based on these two conditions, he expresses concern that he may be at materially greater risk for serious illness from COVID-19. However, Barrett has not provided any medical records documenting his current conditions or treatments. Likewise, he has not offered any evidence or explanation regarding his attempts to obtain a vaccine, although it is apparently being offered to at least some inmates at his facility. Ultimately, due to the absence of medical records, Barrett has not shown that his overall health and need for medical care qualify as extraordinary and compelling.

Even assuming the Court were to find extraordinary and compelling reasons on the present record, the Court also must consider any applicable factors found in 18 U.S.C. § 3553(a).

---

[2] See https://www.bop.gov/inmateloc/ (last visited 04/26/2021).

[3] See https://www.bop.gov/coronavirus/ (last visited 4/26/2021).

[4] The Court notes that Defendant's 2016 presentence report acknowledged as part of Defendant's medical history that he has previously been treated with steroids "due to complications with asthma." However, as of 2016, he reported that he was not prescribed any medication.

[5] In his 2016 presentence report, it was noted that Defendant stood six feet and three inches and weighed 290 pounds.

Critically, in exercising its discretion to grant any sentence reduction, the Court also considers "the need . . . to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(2)(C); see also U.S.S.G. § 1B1.13(2) (requiring a determination that "the defendant is not a danger to the safety of any other person or the community").  Here, Barrett's presentence report documented a history of substance abuse and domestic violence, resulting in a criminal history category of III.  During his time in custody, as noted in the February 4, 2021 Probation Filing, Barrett has received two "greatest severity" disciplinary reports as well as a "high severity" report.  He also withdrew from the residential drug treatment program prior to completion.  The Court does acknowledge that Barrett has completed an admirable number of educational courses as well as nonresidential drug counseling.  He generally reports "multiple job opportunities" upon his release as well as ongoing family support and an approved residence.  However, the Court remains concerned that Barrett needs a more defined release plan in order to successfully complete his four-year term of supervised release.  Based on the entirety of the available record, the various goals that informed the Court's 72-month variant sentence remain and, as a result, the Court concludes that the § 3553(a) factors presently weigh in favor of not modifying Barrett's sentence to allow for his immediate release.

In light of Defendant's failure to establish extraordinary and compelling circumstances, as well as the Court's consideration of the applicable § 3553(a) factors, Defendant's pending Motion (ECF No. 275) is hereby DENIED.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 26th day of April, 2021.